### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**JOSE S. RODRIGUEZ-CANAS,**

        **Petitioner,**

    v.

**WARDEN, Noble Correctional
Institution,**

        **Respondent.**

        **Case No. 2:25-cv-1246**

        **Judge Michael H. Watson**

        **Magistrate Judge Caroline H. Gentry**

### REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Noble Correctional Center, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the undersigned Magistrate Judge **RECOMMENDS** that this action **be DISMISSED without prejudice** for failure to prosecute.

Petitioner failed to pay the $5 filing fee or file a motion to proceed *in forma pauperis* ("IFP application"). As a result, the undersigned issued a Deficiency Order on November 3, 2025, giving Petitioner 30 days to remedy that deficiency. (Doc. 2). In response, Petitioner filed a "Notice of Payment" on December 3, 2025, with an attached receipt indicating that he had requested $5 from the prison cashier for a habeas filing fee. (Doc. 3). But on January 2, 2026, when it was evident that the Court had not received the filing fee, the undersigned issued another Deficiency Order giving Petitioner 30 days to pay the $5 filing fee or submit a completed IFP application. (Doc. 4). To date, almost two months have passed since that second Deficiency Order was issued, and Petitioner has not paid the fee or submitted an IFP application.

"Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."  *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v. Wabash R..Co.*, 370 U.S. 626, 630-31 (1962); *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). This authority is considered an "inherent power" necessary for "courts to manage their affairs so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630-31. Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).  Accordingly, this case should be dismissed for Petitioner's failure to comply with the Court's orders directing Petitioner to remedy deficiencies in his filings.

The undersigned therefore **RECOMMENDS** that this case be **DISMISSED without prejudice** for want of prosecution.

**IT IS SO RECOMMENDED.**

February 26, 2026
Date

/s/  *Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

2

part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.