**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOSE S. RODRIGUEZ-CANAS,**

       **Petitioner,**

          **Case No. 2:25-cv-1246**

  **v.**

          **Judge Michael H. Watson**

**WARDEN, Noble Correctional
Institution,**

          **Magistrate Judge Caroline H. Gentry**

       **Respondent.**

## ORDER

Petitioner, an inmate in state custody at the Noble Correctional Center, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the undersigned Magistrate Judge **WITHDRAWS** her prior Report and Recommendation (Doc. 5) and **ORDERS** Respondent to file an answer conforming to the requirements of Rule 5 of the Rules Governing Section 2254 Cases within **sixty (60) days** of the date of this Order.

**Report and Recommendation and Petitioner's Filing Fee (Doc. 5)**

When Petitioner initiated this habeas action, he failed to pay the required filing fee or submit an application to proceed *in forma pauperis*. After Petitioner failed to comply with Deficiency Orders issued on November 3, 2025 (Doc. 2) and January 2, 2026 (Doc. 4), the undersigned issued a Report and Recommendation on February 26, 2026 recommending that this case be dismissed without prejudice for failure to prosecute. (Doc. 5). But one week later, on March 6, 2026, Petitioner paid the required filing fee. (Doc. 6). The undersigned accordingly **WITHDRAWS** the Report and Recommendation (Doc. 5).

**<u>Rule 4 Preliminary Examination and Order for Answer</u>**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. foll. § 2254. The undersigned finds that it does not plainly appear from the face of the Petition that Petitioner is not entitled to relief in this Court.  Accordingly, it is hereby **ORDERED** that Respondent shall file an answer conforming to the requirements of Rule 5 of the Rules Governing Section 2254 Cases within **sixty (60) days** of the date of the filing of this Order.  Specifically, the answer shall respond to each allegation made in the Petition, raise any affirmative defenses relied upon by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the answer, Respondent shall file those portions of the state court record needed to adjudicate this case.  When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page.  All papers filed in the case thereafter by either party shall include record references to the PageID number.  Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed.  The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system, which displays each exhibit and the name of that exhibit in the record.

As required by Fed. R. Civ. P. 5, a complete copy of the answer and state court record with the PageID numbers must be served on Petitioner at the time of filings.

Petitioner may, not later than **twenty-one (21) days** after the answer is filed, file and serve a reply to the answer.

The Clerk is **ordered** to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@OhioAGO.gov and Habeas.docketclerk@OhioAGO.gov.

The Clerk is **further ordered** to **WITHDRAW** the Report and Recommendation (Doc. 5).

**IT IS SO ORDERED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

3