**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

JOSE S. RODRIGUEZ-CANAS,

Petitioner, : Case No. 2:25-cv-1246

- vs - District Judge Michael H. Watson
Magistrate Judge Michael R. Merz

WARDEN,
Noble Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner under 28 U.S.C. § 2254 with the assistance of counsel, seeks relief from his conviction on one count of endangering children in violation of Ohio Rev. Code § 2919.22. The case is ripe for decision on the Amended Petition (ECF No. 10), the State Court Record (ECF No.12), the Return of Writ (ECF No. 13), Petitioner's Reply (ECF No. 18), and Respondent's Surreply (ECF No. 21).

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District.

**Litigation History**

On July 28, 2021, a Franklin County grand jury indicted Petitioner on two counts of illegal

use of a minor or impaired person in nudity-oriented material in violation of Ohio Revised Code § 2907.323 and two counts of voyeurism in violation of Ohio Revised Code § 2907.08 (Indictment, State Court Record, ECF No. 12, Ex. 1). On August 8, 2022, Petitioner pleaded guilty to an amended charge of endangering children. *Id.* at Ex. 3. On October 17, 2022, Petitioner was sentenced to an indeterminate term of six to nine years. *Id.* at Ex. 4. He did not appeal, but filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 on November 13, 2023. *Id.* at Ex. 5. The trial court denied that petition on February 26, 2024, and Petitioner, through counsel, appealed to the Tenth District Court of Appeals which affirmed. *State v. Rodriquez-Canas*, 2025-Ohio-1471 (Ohio App. 10th Dist. Apr. 24, 2025). Petitioner appealed *pro se* to the Ohio Supreme Court which declined to exercise jurisdiction. *State v. Canas*, 179 Ohio St. 3d 1439 (Aug. 5, 2025).

Once again represented by counsel, Rodriquez-Canas filed his Petition in this Court on October 24, 2025[1], and his Amended Petition on April 13, 2026 (ECF No. 10), pleading the following grounds for relief:

> **Ground One:** Ineffective assistance of counsel for failure to advise of deportation consequences.
>
> **Ground Two:** Due Process violation for decision denying Petitioner's Post-Conviction Petition seeking to withdraw his plea of guilty.
>
> **Ground Three:** Due Process violation for denying Petition for Post-Conviction Relief without an evidentiary hearing.

[1] That is the date of docketing. As discussed below, Petitioner has made no statement as to when he deposited the Petition in the prison mailing system.

ECF No. 10.

## Analysis

**Statute of Limitations**

Respondent seeks dismissal of the case as barred by the one-year statute of limitations enacted in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). The limitations period under AEDPA is codified at 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent calculates the time under 28 U.S.C. § 2244(d)(1)(a) as beginning to run when Petitioner failed to file a direct appeal by the thirtieth day after conviction. It then ran for 361 days until it was statutorily tolled under § 2244(d)(2) by the proper filing of the post-conviction petition. It resumed running, by Respondent's calculation, when the Ohio Supreme Court declined jurisdiction on August 5, 2025, and expired four days later on August 9, 2025. The original Petition was not received by the Clerk and docketed until October 24, 2025 (ECF No. 1).

Petitioner's counsel concedes Rodriquez-Canas filed outside the statutory time limit, but claims he is entitled to equitable tolling (Reply, ECF No. 18, PageID 448). The Petition was purportedly executed on August 24, 2025 (ECF No. 1 at PageID 15). Petitioner apparently believed his Petition was timely because he said so in response to the question in the Standard Form about timeliness. *Id.* at PageID 13. Incarcerated persons are entitled to a filing date for papers sent to federal courts of the date of deposit in the prison mailing system. *Houston v. Lack*, 487 U.S. 266 (1988); *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999). However Petitioner left blank the place on the Petition for declaring when it was placed in the prison mailing system. *Id.* at PageID 15. The envelope in which the Petition was mailed to the Court is not postmarked until October 21, 2025 (PageID 17).

Respondent notes that equitable tolling is available only if a petitioner "1) . . . has been pursuing his rights diligently, and 2) . . . some extraordinary circumstance stood in his way." (Return, ECF No. 13, at 428 citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Respondent

asserts Petitioner did not act diligently because he filed his Petition for Post-Conviction Relief with only days to spare. Under Ohio law a defendant has 365 days from the date the trial transcript is filed on direct appeal in which to file a post-conviction relief petition. Ohio Revised Code § 2953.21(a)(2)(a). The post-conviction petition was filed November 13, 2023 (State Court Record, ECF No. 12, Ex. 5). Apparently no question was raised as to its timeliness (See Opinion, State Court Record, ECF No. 12, Ex. 8). It is supported by the Affidavit of Attorney Charles Koenig about his involvement in this case. He avers that he was retained by Petitioner and met with him on February 18, 2023[2] to obtain an affidavit from Petitioner's trial attorney Yass A. Benis about deficiencies in her representation of Petitioner. He drafted an affidavit for her signature which is attached to his Affidavit and has a blank date for April 2023 (PageID 107). According to Attorney Koenig's Affidavit, Attorney Benis was unwilling to sign that Affidavit as he had drafted it and died August 12, 2023, without every providing an affidavit Attorney Koenig could use in post conviction.

For reasons not explained to the Court, Petitioner hired new counsel, Attorney Eleina Thomas, to file the post-conviction petition which she did on November 13, 2023. She continued to represent him through conclusion of the post-conviction appeal, when he returned to *pro se* status and timely filed an appeal to the Ohio Supreme Court (State Court Record, ECF No. 12, Exs. 14 and 15).

The Magistrate Judge concludes Petitioner was diligent in pursuing his rights through the

[2] In ¶ 12 of his Affidavit, he avers that he was retained in January, 2022. As Respondent points out, that is not likely to be accurate because the guilty plea was not entered until August, 2022. Given a first meeting in February 2023, it is likely Attorney Koenig made an uncorrected typographical error in ¶ 12.

time before the Ohio Supreme Court's denial of review on August 5, 2025. At that point it appears he thought he had sufficient time left to meet the statute because he claimed his filing was timely when it was not. However, he offers no "extraordinary circumstance" which stood in his way of filing, nor does he tell the Court why, if the Petition was in fact executed on August 24, 2025, it was not mailed until October. Even if the Petition had been deposited in the prison mail system on the date it was purportedly executed, it would have been untimely filed by fifteen days. Another two months expired before it was actually mailed.

Because § 2244(d) is not jurisdictional, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). Petitioner does not claim any extraordinary circumstance prevented him from filing and in fact he claimed in the Petition that he was timely filing. Although he was incarcerated, limited access to the prison law library does not *per se* create an excusing impediment. An inmate must show that limited access prevented him from timely filing. *Nelson v. Morgan*, 2015 U.S. Dist. LEXIS 43175 (S.D. Ohio Mar. 31, 2015)(Rice, J.), citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Unless the restrictions rise to the level of a constitutional violation, they do not provide a basis for statutory tolling under § 2244(d)(1)(B). *Nelson* at *6, citing *Maclin v. Robinson*, 74 Fed. Appx. 587, 589 (6th Cir. 2003). Nor do ordinary limitations on a prisoner's law library access constitute "extraordinary circumstances" justifying equitable tolling. *Nelson* at *6-7, citing *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 577 U.S. 250 (2016), citing *Holland* (emphasis sic). "Equitable tolling allows courts to review time-barred habeas petitions 'provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose

from circumstances beyond that litigant's control.'" *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012), quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

Petitioner reminds the Court that its equitable powers are not to be applied "mechanically" (Reply, ECF No. 18, PageID 449, citing *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946)). That certainly is a valid principle in equity and allows the Court to weigh against Petitioner his lack of candor about why he thought his Petition was timely on August 24, 2025; when he actually deposited it in the prison mail system; and why actual mailing did not occur until two months after the Petition was signed.

Petitioner argues

> the length of Canas's delay was only two months. This was not outside the realm of reasonableness. The Sixth Circuit granted equitable tolling for a comparable delay in *Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006) (granting equitable tolling where the habeas petition was filed more than sixty days after the AEDPA deadline).

(Reply, ECF No. 18, PageID 450). In *Solomon* in contrast to this case the government imposed substantial burdens on the defendant by transferring him between prisons without his legal papers, an extraordinary circumstance beyond his control. Rodriquez-Canas points to no such extraordinary circumstance.

The burden of establishing entitlement to equitable tolling is on the petitioner. Rodriquez-Canas has not met that burden and therefore his Amended Petition should be dismissed as time-barred.

**Merits**

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Rodriquez-Canas claims that he received ineffective assistance of trial counsel in violation of his rights under the Sixth Amendment when Attorney Benis advised him to plead guilty to the endangering children count without advising him that the conviction would require him to register as a sex offender and thus be subject to deportation (Amended Petition, ECF No. 10, PageID 39).

Respondent defends this ground on the merits, conceding that Rodriquez-Canas fairly presented it to the Ohio courts (Return, ECF No. 13, PageID 433). The Tenth District Court of Appeals decided this claim[3] on appeal from denial of post-conviction relief and applied the controlling Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).

Petitioner's claim of ineffective assistance of trial counsel was initially heard by Common

[3] Petitioner's sole assignment of error on appeal was "[t]he Trial Court abused its discretion when it denied Appellant Mr. Canas' timely filed petition for postconviction relief pursuant to R.C. 2953.21 where he presented substantive grounds for relief that required an evidentiary hearing." In the course of overruling this Assignment of Error, the Tenth District squarely considered Rodriquez's ineffective assistance of trial counsel claim and rejected it on both the deficient performance and prejudice prongs of *Strickland v. Washington,* 466 U.S. 668 (1984).

Pleas Judge Karen Held Phipps who had been assigned to this case since its inception. In denying the Petition, she observed that Rodriquez-Canas had both spoken and agreed that he understood matters spoken to him in English. That finding of fact, based on repeated observation, contradicts claims made by Rodriquez-Canas about this lack of ability in English and is entitled to deference in this Court. She noted that the plea colloquy advised Rodriquez-Canas of possible deportation consequences of his conviction and that the plea agreement made no promise of probation. She found, correctly, that the unsigned affidavit from Yass Benis had no evidentiary value and that of Attorney Koenig very little. In all, she spent nine pages thoroughly analyzing the Post-Conviction Petition before denying it.

The Tenth District's rejection of the ineffective assistance of trial counsel claim was no less thorough. That court too applied *Strickland* in a seven-page decision. As to the deficient performance prong of *Strickland*, it concluded

> However, Canas has not produced any evidence that independently establishes that attorney Benis did not inform him of deportation risks. This is not the situation where trial counsel admitted in court that they failed to properly advise. *State v. Yapp*, 2015-Ohio-1654, 32 N.E.3d 996 (8th Dist.). *See State v. Cardenas*, 2016-Ohio-5537, 61 N.E.3d 20 (2d Dist.) (in a hearing to withdraw guilty plea because of ineffective assistance, trial attorney submitted an affidavit stating he did not discuss deportation with defendant). There is no support above and beyond the information provided in the petition.

*State v. Canas, supra*, at ¶ 18.

Regarding the prejudice prong of *Strickland*, the Tenth District held:

{¶ 22} Canas stated in his petition that a deciding factor in taking the plea deal was receiving probation and obtaining custody of A.R. However, the plea deal did not contain a joint recommendation for probation, but rather that the plaintiff-appellee, State of Ohio, would make no recommendation as to sentencing. Canas does not indicate the portion of the record where attorney Benis promised him probation or even implied as much. *State v. Cardona*, 2001 WL 931655, 2001 Ohio App. LEXIS 3626 (8th Dist. Aug. 7, 2001). Canas wanted probation, but it may have been any reliance on receiving probation was a "case of hope over reality." (Internal quotations marks deleted.) *Bozso* at ¶ 13. The trial court had the discretion to sentence Canas to probation but chose not to. This factor weighs against a finding of prejudice.

{¶ 23} Regarding the importance placed on deportation, Canas focused on his quest to obtain custody of A.R. However, deportation or incarceration would impact custody. It is unclear if Canas faced certain deportation, and the record does not reflect that deportation proceedings had commenced. Attorney Benis advocated for probation at sentencing, but the trial court imposed prison time.

{¶ 24} A defendant's concern indicated by multiple questions of his counsel regarding deportation and his confusion during the plea colloquy were evidence of the paramount importance the defendant placed on avoiding deportation. *Lee*, 582 U.S. 357, 137 S.Ct. 1958, 198 L.Ed.2d 476. The only evidence regarding Canas' motives for entering his guilty plea were his own self-serving statements. Such conclusionary statements have little impact without supporting testimony or evidence, and we must "conclude that [Canas] has not met his burden of demonstrating that but for his counsel's erroneous advice ... he would not have pleaded guilty." *Bozso* at ¶ 35. In sum, there is no contemporaneous evidence that indicates avoiding deportation was the determinative factor in pleading guilty. *Lee*.

{¶ 25} R.C. 2943.031 requires a trial court to advise a noncitizen defendant of the possibilities of deportation. *State v. Sow*, 2018-Ohio-4186 (10th Dist.). The trial court read Canas the proper advisement in open court, and he indicated that he understood it and had no questions. Said advisement will not act to cure a counsel's failure to give an advisement, but it will weigh against a finding of prejudice from counsel's failure to advise. *State v. Galdamez*, 2015-Ohio-3681, 41 N.E.3d 467 (10th Dist.). *See also State v. Ikharo*, 2011-Ohio-2746, ¶ 19 (10th Dist.) (defendant who received trial court's R.C. 2943.031(A) advisement "cannot satisfy the prejudice portion of the *Strickland* test").

{¶ 26} If we assume that attorney Benis did not provide any deportation advice, under these circumstances, the trial court's advisement weighs against a finding of prejudice. *State v. Yazici*, 2011-Ohio-583 (5th Dist.).

{¶ 27} Regarding Canas' connections to the United States, his young son, A.R., who is in the custody of his ex-wife, N.R., is specifically referenced by Canas. He does mention other relatives that live in the United States, but never explained why deportation was a particularly severe consequence for him. Canas has been in the United States for over 20 years and works as a painter. There is no evidence regarding connections to his native El Salvador. A defendant with significant family ties may risk going to trial instead of pleading guilty to a charge and facing certain deportation. *Romero*, 2019-Ohio-1839, 156 Ohio St.3d 468, 129 N.E.3d 404. While Canas may be able to demonstrate that his connections to the United States support this factor, it is outweighed by several other factors.

{¶ 28} Other contemporaneous evidence refutes Canas' assertion that he would not have pleaded guilty had he been aware of the deportation risks. Canas acknowledged on the record that he discussed his case, including possible defenses, with counsel, and was satisfied with counsel's representation. He confirmed that he understood he would have to register as a sex offender and could be deported. He identified his signature on the plea form and acknowledged reviewing the form with counsel and that he understood it. Such contemporaneous evidence weighs against a finding of prejudice. *State v. Muscroft*, 2021-Ohio-3342 (10th Dist.).

{¶ 29} Canas submitted affidavits with his petition. "[I]n reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." *State v. Calhoun*, 86 Ohio St.3d 279, 284, 714 N.E.2d 905 (1999).

{¶ 30} A trial court should consider all relevant factors in assessing the credibility of affidavit testimony, including: "(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise

> interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial." *Id.* at 285, 714 N.E.2d 905. A trial court has the discretion to apply any of these or other factors to conclude that the information contained in the affidavits lacks credibility and an evidentiary hearing is not required. *State v. Little*, 2022-Ohio-1295, 188 N.E.3d 1116 (10th Dist.).

*State v. Canas, supra*.

The Magistrate Judge concludes the Tenth District's decision of Petitioner's ineffective assistance of trial counsel claim is an objectively reasonable application of *Strickland* entitled to deference by this Court. Petitioner's First Ground for Relief should be dismissed on the merits.

**Ground Two: Violation of Due Process Rights by Not Allowing Withdrawal of Guilty Plea**

In his Second Ground for Relief, Rodriquez-Canas asserts he was deprived of due process of law when he was not allowed to withdraw his guilty plea. Respondent concedes this claim was fairly presented to the Ohio courts, but asserts it does not state a claim under the Constitution (Return, ECF No. 13, PageID 439). Petitioner replies

> Respondent relies on *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986), and *Cress v. Palmer*, 484 F.3d 844 (6th Cir. 2007), for the general proposition that constitutional deficiencies arising in state post-conviction proceedings are not cognizable in federal habeas. While this proposition is true, it does not apply here.

Reply, ECF No. 18, PageID 459. As the Magistrate Judge reads Petitioner's argument, it is not that somehow Ohio's post-conviction **process** is unconstitutional, but that the **result** – denial of Petitioner's motion to withdraw his guilty plea – is unconstitutional. The Magistrate Judge agrees

that this states a claim cognizable under the federal Constitution in that Petitioner claims he is in custody pursuant to a guilty plea he should have been permitted to withdraw.

When Rodriquez-Canas filed his Petition for Post-Conviction Relief, his sole constitutional premise for voiding the conviction and withdrawing the guilty plea was that he had received ineffective assistance of trial counsel (See Petition, State Court Record, ECF No. 12, Ex. 5, particularly PageID 87 and Conclusion and Prayer for Relief at PageID 89). Neither Judge Phipps nor the Tenth District understood him to be raising any due process claim separate from his Sixth Amendment claim.

Because the undersigned concludes that the Tenth District's decision is entitled to deference, that result leaves Ground Two without support and it should also be denied on the merits.

**Ground Three: Due Process Violation by Denying Post-Conviction Petition Without an Evidentiary Hearing**

In his Third Ground for Relief Petitioner asserts he was denied due process when his Post-Conviction Petition was denied without an evidentiary hearing.

The Magistrate Judge concludes Ground Three fails to state a claim on which federal habeas corpus relief is available. Petitioner has not cited and the Court is unaware of any holding of the United States Supreme Court that would require an evidentiary hearing in a state post-conviction proceeding as a matter of due process.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Amended Petition be dismissed with prejudice. Because reasonable jurists would not disagree

with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 15, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #